# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD TYSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:10CV1051 CDP |
| JEREMIAH NIXON, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, Richard Tyson, a civilly-committed resident at the Missouri Sexual Offender Rehabilitation and Treatment Services Center ("SORTS"), brings this action pursuant to 42 U.S.C. § 1983 alleging deprivation of his rights under the Equal Protection Clause of the United States Constitution. Plaintiff has named more than thirty-five individuals as defendants in this matter, including Missouri Governor Jay Nixon, Chris Koster, the Attorney General, and over thirty Missouri State Senators.

Plaintiff alleges, in a conclusory fashion, and without specifying any particular defendant, that defendants have violated his equal protection rights by singling out men for prosecution under the Missouri sex offender laws. Plaintiff claims that women who commit similar sexually violent crimes are not included for commitment into the Sexual Offender Rehabilitation Services but are simply released from prison. Plaintiff, however, states no particular instance of this happening, nor does he name any particular similarly situated women who have been released from prison without being prosecuted under the Missouri sex offender laws.

Plaintiff additionally alleges that SORTS treats residents differently in that it has instituted a "reward system," whereby residents who have shown good behavior are provided more "allowances" (privileges) than other residents. Plaintiff does not articulate how he believes this claim arises under the Constitution or federal law.

## Discussion

The allegations in the complaint pertaining to the Equal Protection Clause are wholly conclusory and do not state any facts that would demonstrate a plausible claim for relief. That is, plaintiff does not cite to any particular female prisoner who was subjected to different treatment than plaintiff or any other male sex offender. And the allegations fail to demonstrate how any of the named defendants were involved in any of the alleged violations. Moreover, plaintiff's allegations regarding the disparity in the "reward system" at SORTS fails to state a claim under § 1983. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (to establish a prima facie case under § 1983, a plaintiff must allege that the action occurred under color of law and that the action is a deprivation of a constitutional or federal statutory right); see also, Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986) (no constitutional right to a particular classification or housing assignment); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). As a result, the complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #3 and #6] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of August, 2010.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE